[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this complaint for a dissolution of her marriage to the defendant. Both parties have physically been present at the hearing of this complaint, and both parties have been represented through counsel.
The court finds that the parties intermarried on July 19, 1975 at New Britain, Connecticut; that, the plaintiff's maiden name is Rivera; that the plaintiff has resided continuously within the state of Connecticut for twelve or more months immediately preceding the date of this complaint.
The court further finds that, there is no minor child issue of this marriage, nor, has a minor child been born to the plaintiff since the date of this marriage; that, neither party CT Page 2732 has or is receiving financial support from the state of Connecticut, nor from any of its subdivisions; further, that the marriage has broken down irretrievably with no likelihood of reconciliation.
The court also finds that the parties have divided their personal property; that, there is no real property. That, the parties' assets consist of the defendant's monthly payments received after his separation from the military service, which is variously denominated as a pension, retainer or equivalent pay. This monthly payment however is modifiable if and when the defendant is called back to active service due to a national emergency. This "call back" proviso continues until the defendant's sixtieth birthday, after which the monthly payments continue to death.
Further, the court finds that, the plaintiff has present biweekly net earnings of $1,062.29; that, the defendant's net income is the monthly military pay of $800.00. He does, however, have an earning potential since he received telephone installation training and was employed in that capacity within the military. Thus, each party has actual or potential earning capacity about equal to that of the other.
Both parties are in their early 40's. The defendant s in good health. The plaintiff has had a health problem resulting from her employment when she was physically assaulted a few years ago.
The court additionally finds that at the present time each party has an income uncertainty; the defendant, in that he has no present employment; the plaintiff, in that she is a probationary employee with no certainty that she will remain employed.
Further, the parties have been married for twenty years. They each have expectations of receiving financial assistance from the other during the transitional period after the dissolution of the marriage, if and when that need becomes evident.
Taking into consideration these factors and considering the applicable statutory requirements, the court decrees and orders that, the marriage of the parties is dissolved; that each of the parties is single and unmarried. That, modifiable periodic alimony of One Dollar per year is awarded to each of the parties payable by the other spouse. That, the alimony is payable over a non-modifiable period of five years from the date of this CT Page 2733 decree. That, the plaintiff is to receive fifty per cent (50%) of the defendant's retired pay beginning when the defendant reaches sixty years of age. That, this order shall be enforced by direct payment to the plaintiff from the defendant's retired pay as set forth in the Uniformed Services Former Spouses Protection Act.
That, the defendant is to institute, designate and carry through necessary applications and documentary processes required to permit the plaintiff to obtain the benefits permitted to her by the Military Service's Survivor Benefit Program.
That all assets presently in the possession of or in the name of the individual parties is to be that party's asset.
That all liabilities listed in a party's individual name is to be that party's responsibility for payment, and that party will hold the other party harmless as to that or those liabilities.
The plaintiff may resume her maiden name of Rivera.
JULIUS J. KREMSKI STATE TRIAL REFEREE